IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:06-574-RBH |
| | ) | |
| Vs. | ) | |
| | ) | |
| **DONNIE RAY FLOYD** | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT**

Defendant filed a Motion to Dismiss the Indictment returned against him charging him with escape in violation of Title 18, United States Code, Sections 751(a) and 4082. A hearing was held October 4, 2006 during which the Defendant and Wanda Harrison, an employee of the Bureau of Prisons testified. Based on the evidence presented at the hearing and records maintained in the Civil Action No.: 4:05-1283 captioned *Donnie Ray Floyd vs. U.S. Parole Commission*, the Court makes the following findings.

The Defendant was originally confined to incarceration at the direction of the Attorney General based upon the sentence issued on February 1, 1985 sentencing the Defendant to an 8 year term of imprisonment to be followed by a 10 year term of special parole. The Defendant violated his parole 5 times resulting in his being required by the United States Parole Commission to remain on parole supervision through January 20, 2007. The Defendant's parole was revoked for the last time pursuant to the Parole Commission's notice of action dated July 13, 2005 which required the Defendant to serve an additional 14 months in prison for violations and to be paroled on March 27, 2006.

The Defendant contended in his Motion to Dismiss the Indictment and during the hearing, that the parole commission had unlawfully converted his regular parole time back to special parole

time thus causing the Defendant to wrongfully forfeit his "street time". This argument fails because, as the Defendant admitted, and even viewing the facts in the light most favorable to the Defendant, the Defendant would still have been on parole until November 2005. Since the Defendant's last parole revocation proceeding began in January 2005, the Court concludes that the Defendant was still lawfully on parole at the time of his last revocation proceeding. Furthermore, if the Defendant had claims that he had previously wrongfully lost "street time" or that the parole commission had wrongfully calculated the amount of sentence which remained to be served, the Defendant should have pursued those claims long ago by appealing the Parole Commission's findings pursuant to Title 28, United States Code, Section 2241.

The Court found the testimony of Wanda Harrison credible. Mrs. Harrison listened to the testimony of the Defendant and had the benefit of the Defendant's Bureau of Prisons file when she testified that the Defendant had been given proper credit for his "street" and/or good time and that the Commission had properly calculated his parole date to be March 27, 2006.

The Defendant admitted to being notified before leaving prison that he would be required to remain at the Alston-Wilkes Community Correction Center until March 27, 2006. The Defendant also admitted that he was told upon reaching the Community Correction Center that he would have to remain at the Center until March 27, 2006. Although the Defendant testified that he did not consent to parole, the Defendant admitted to signing Government's Exhibit 2 "Certificate of Parole". The Certificate of Parole specifically told the Defendant that he would be paroled on March 27, 2006. The Defendant also admitted that the Director at the half-way house did not agree with his claim that he should not be on parole and that he signed the certificate of parole because he did not want to be returned to prison. Therefore the Court finds that the Defendant did consent to being on parole until March 27, 2006. The Defendant further admitted that he knew he would

be placed on escape status when he failed to return to the Correction Center on March 6, 2006.

Based upon the aforementioned, the Court finds the Defendant's sentence was properly calculated by the parole commission. In addition, the Court agrees with the reasoning set forth in the Order issued in the case of *Donnie Ray Floyd vs U.S. Parole Commission*, CA NO: 4:CR-05-1283 which rejected the same arguments raised by the Defendant and from which the Defendant did not appeal.

Based on all of the evidence presented in this case, the arguments of counsel, and the entire file in this matter, the Court finds and concludes that the Defendant was lawfully confined at the direction of the Attorney General on March 6, 2006 because the United States Parole Commission had not unlawfully caused the Defendant to forfeit his "street time" and had properly credited the Defendant with his statutory good time. Therefore it is the ruling of the court that the Defendant's Motion to Dismiss the Indictment be denied because there is insufficient evidence to grant same. The Court also notes that, although the Defendant was permitted to present evidence to establish the basis for his Motion to Dismiss the Indictment, in order to prevail upon a motion to dismiss a Defendant would need to demonstrate that the allegations in the Indictment, even if true, would not state an offense. *United States v. Thomas,* 367 F.3d 194, 197 (4th Cir. 2004). Clearly the allegations set forth in the Indictment, if true, state an offense for escape, in violation of Title 18, United States Code, Section 751(a) and 4082.

s/R. Bryan Harwell  
R. BRYAN HARWELL  
UNITED STATES DISTRICT JUDGE

October 6, 2006